Appellant, Waymon Arnold, appeals from a judgment of the Greene County Court of Common Pleas denying his petition for post-conviction relief. With his petition, Arnold attempted to raise claims of ineffective assistance of trial counsel denying him constitutional due process. Nevertheless, the court found that his petition was filed out of time and dismissed it. We conclude that Arnold filed his petition after the time permitted by Section 3, Am.Sub.S.B. No. 4 without making the necessary showing under R.C. 2953.23(A) that would except his petition from the limitations period. For this reason, we affirm the judgment of the trial court.
 I.
On May 23, 1991, a Greene County jury found appellant, Waymon Arnold, guilty of rape in violation of R.C. 2907.02(A)(1)(6). On May 24, 1991, he was sentenced to life imprisonment. Arnold appealed, and this court affirmed the judgment of the trial court in State v. Arnold (October 1, 1992), Greene App. Nos. 91 CA 43, 90 CR 258, unreported.
On July 18, 1997, Arnold filed a petition for post-conviction relief under R.C. 2953.21. Therein, he alleged violations of his constitutional rights based on claims of ineffective assistance of trial counsel and actual innocence. The state moved to dismiss the petition on the ground that it was untimely. On October 2, 1997, the trial court granted the state's motion finding that Arnold had failed to file his post-conviction petition within the statutory period of limitations. Arnold timely appeals from this judgment of the trial court.
 II.
Arnold raises the following assignments of error on appeal.
 ASSIGNMENT OF ERROR I.
The trial court abused its discretion and committed prejudicial error in dismissing the petition for post-conviction relief based upon the fact that the application was the appellant's first application.
 ASSIGNMENT OF ERROR II.
The trial court abused its discretion and committed prejudicial error in granting the Appellee-State of Ohio summary judgment when genuine issues of material fact remain in the case, the Appellee was not entitled to the judgment as a matter of law and reasonable minds can come to different conclusions as to whether Appellant could sustain his burden of proof at trial or hearing.
 ASSIGNMENT OF ERROR III.
The trial court abused its discretion and committed prejudicial error where the Court refused to order an evidentiary hearing in the case where the petition upon its face was sufficient and the files and records in the case did not conclusively show the Appellant was not entitled to relief.
 Arnold sought post-conviction relief in the trial court under R.C. 2953.21. Because post-conviction relief outside the normal process of appeal is not a constitutional right, the rights of a petitioner are solely those granted under the statute. See State v. Moore (1994), 99 Ohio App.3d 748, 751, appeal dismissed (1995), 72 Ohio St.3d 1526, 649 N.E.2d 836. R.C. 2953.21 permits a person convicted of a criminal offense or adjudicated a delinquent to seek post-conviction relief for constitutional defects that rendered the judgment against him either void or voidable.
In 1995, the General Assembly substantially revised the system for seeking post-conviction relief as codified in R.C.2953.21 through 2953.23. R.C. 2953.21(A)(2) now permits post-conviction petitions only if filed within one hundred eighty days of the date on which the trial transcript is filed in the court of appeal or, if no appeal is taken, within one hundred eighty days of the expiration date for filing an appeal. In addition, R.C. 2953.23 prohibits courts from entertaining post-conviction petitions unless they are filed within the requirements of 2953.21(A)(2) or the petitioner makes a showing of good cause for delay according to certain statutory criteria.
These revisions took effect on September 21, 1995, long after Arnold had already pursued the appeal of his criminal conviction. Nevertheless, the General Assembly provided that all persons convicted of crimes before the effective date of the revisions must file their petitions within one year of that date. Section 3, Am.Sub.S.B. No. 4. Thus, for Arnold and all other prisoners convicted before September 21, 1995, the deadline for filing post-conviction petitions was September 23, 1996, the first working-day falling after the one-year interval. See State v.Vroman (April 15, 1997), Ross App. No. 96CA2258, unreported, at 2, appeal dismissed (1997), 79 Ohio St.3d 1483, 683 N.E.2d 787. Arnold's petition of July 18, 1997 did not meet that deadline.
Although he admits that his petition was untimely, Arnold claims that his petition was not barred because it fell within one of the exceptions recognized by R.C. 2953.23(A)(2). The trial court found that those exceptions did not apply to Arnold's petition, because they only apply to otherwise-barred second or subsequent petitions. That interpretation of the statute was in error. By its own terms, R.C. 2953.23 applies to both untimely and successive petitions barred under the statute.
The relevant statutory provisions are as follows:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 R.C. 2953.23(A). Appellant claims that he has made a case for ineffective assistance of counsel and that, therefore, he has presented a constitutional question under subsection (A)(2). Such a showing is necessary, but not sufficient to permit a late post-conviction petition under the statute. Appellant ignores the requirements of subsection (A)(1). That subsection required him to show, in addition to his constitutional claim, either the existence of new evidence that he was unavoidably prevented from discovering or the violation of some constitutional right that has been recognized only since his trial. Arnold fails to make any claim that could qualify his petition under subsection (A)(1). He makes no claim regarding the existence of new evidence. Neither does he assert a newly-recognized constitutional right that was violated during the course of his conviction. Consequently, the trial court was barred from entertaining his petition under R.C. 2953.23, and it did not err in dismissing the petition.
Arnold contends that the trial court erred by not granting him a hearing on his petition. A hearing is not required, however, if, as here, the petition and record show that the petitioner is not entitled to relief. See R.C. 2953.21(E). Arnold also claims that the trial court should have issued written findings of fact and conclusions of law before dismissing his petition. Nevertheless, a trial court is not required to make findings of fact and conclusions of law if it disposes of a petition under R.C. 2953.23. State v. Mundy (March 28, 1997), Greene App. No. 96 CA 95, unreported, at 4. Furthermore, the provisions of R.C. 2953.21 requiring courts to hold hearings and make findings of fact do not apply to petitions that are filed out of the time provided under subsection (A)(2). Thus, the trial court did not err in dismissing Arnold's petition without holding a hearing or issuing written findings.
For the forgoing reasons, Arnold's three assignments of error are overruled. All motions relating to this matter and pending before this court are overruled as moot.
Judgment affirmed.
YOUNG, P.J., and WOLFF, J. concur.
Copies mailed to:
Robert K. Hendrix
Waymon Arnold
Hon. M. David Reid